# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BARLOW SMITH, § | | |
| Petitioner, § | | |
| § | | |
| V. § | A-18-CV-00738-LY | |
| § | | |
| TERRY KENNEDY, Director, Burnet § | | |
| Community Supervision and Corrections, § | | |
| Respondent. § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner Barlow Smith's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (ECF No. 1), Respondent's Answer (ECF No. 16), and Petitioner's Reply (ECF No. 18). Petitioner is pro se and has paid the full filing fee in this matter. For the reasons set forth below, the undersigned finds the application for a writ of habeas corpus should be denied.

## BACKGROUND

Respondent Terry Kennedy is the Director of Burnet County Community Supervision and Corrections. Smith is serving a term of community supervision imposed by the 424th District Court of Burnet County, Texas, pursuant to his conviction for fraudulent delivery of a controlled substance.

**STATEMENT OF THE CASE**

A.      **State Court Proceedings**

Smith was indicted on January 7, 2014. (ECF No. 17-2 at 4). Smith's retained counsel entered an appearance on April 11, 2014, and withdrew on January 30, 2015. (ECF No. 17-2 at 9, 14-15). Smith, who was a doctor and a licensed attorney, elected to proceed pro se at trial. The following factual and procedural background was found by the Third Court of Appeals:

> Smith was charged by indictment with three counts of fraudulent delivery of a controlled substance. *See* Tex. Health & Safety Code § 481.129.[1] He proceeded to trial, but after a jury was empaneled and the State's evidence began, he decided to accept a plea bargain in which he pled guilty to the first count of the indictment and the State waived the remaining two counts. Smith stated on the record that he had read and understood his guilty plea; that he was a licensed attorney and understood the effect of the document; that he had signed it freely and voluntarily; that he had received all discovery; that he understood he was waiving his right to proceed with a jury trial, his right to file a motion for new trial, and his right to appeal; that the plea was in his best interest; that he "was in entire agreement with" allowing all trial exhibits to be returned and not retained by the court reporter; that he was not claiming to be incompetent; that he had not been forced, threatened, coerced, or promised anything other than the agreement to secure his plea of guilty; and that, "I'm pleading guilty because I am guilty." Based on these affirmations the district

---

[1] The indictment charged that, on two separate occasions, Smith provided a prescription for phentermine (a potentially addictive appetite-suppressant similar to an amphetamine) to two different individuals, and also alleged he provided one of those individuals a prescription for hydrocodone on a third date. (ECF No. 17-2 at 4-5). In a Notice of Intention to Use Extraneous Offenses, Prior Convictions, and Bad Acts, the State alleged Smith had prescribed drugs to 13 named individuals without examination "throughout course of his practice;" delivered drug prescriptions for other than a valid medical purpose in the course of his professional practice; pre-signed blank prescriptions "throughout course of his practice" in Burnet, Llano, San Saba, and Blanco counties; and engaged in sexual activity with three patients during the course of his professional practice in Burnet, Llano, San Saba, and Blanco counties. (ECF No. 17-2 at 1-12). In a second notice the State further alleged Smith failed to practice medicine in an acceptable professional manner; failed to safeguard against potential complications; prescribed dangerous drugs without first establishing a proper professional relationship with the patient; wrote prescriptions for or dispensed prescriptions to persons he knew or should have known were abusing dangerous drugs or controlled substances; had his license to practice medicine in New York revoked; was sanctioned by the Texas Medical Board for professional misconduct in 2009, 2011, and 2014, and had his Texas medical license suspended in 2014. (ECF No. 17-2 at 40-45). In a supplemental notice the State revealed its intent to introduce evidence Smith engaged in offensive touching of an 18 year-old girl, and solicited a murder in 2011. (ECF No. 17-2 at 52).

court accepted Smith's plea, ordered a presentence investigation, and set a sentencing hearing for the following month. One week before sentencing, Smith filed a motion to withdraw his guilty plea, alleging that he provided himself with ineffective assistance of counsel. The court denied Smith's motion and sentenced him to five years' imprisonment, suspending imposition of the sentence, and placing him on community supervision for ten years. The court ordered Smith to spend fifteen days in the Burnet County Jail as a condition of his community supervision.

Smith then filed an application for writ of habeas corpus contending, as he did in his motion to withdraw his guilty plea, that he provided himself with ineffective assistance of counsel because he was on prescription medication for asthma that impaired his thinking. The trial court denied the application and issued findings of fact stating that Smith's ineffective assistance allegations were unfounded, that his plea was freely and voluntarily made, and that his application as a whole was frivolous.

*Ex parte Smith*, No. 03-16-00048-CR, 2018 WL 2347012, at *1 (Tex. App.–Austin 2018, pet. ref'd). Smith appealed the denial of habeas relief, asserting he "provided himself with ineffective assistance of counsel." *Id.* at *2. He also argued the habeas trial court erred by not considering evidence outside the record supporting his claims of ineffective assistance. *Id.* at *1. The Third Court of Appeals affirmed the denial of state habeas relief, and the Court of Criminal Appeals denied a petition for discretionary review. *Id.* at *2.

Smith filed a second application for state habeas relief asserting a claim of actual innocence, challenging the indictment as failing to allege a crime, and contending Texas Health & Safety Code § 481.129(c) was void for vagueness. *Id.* at *1. The trial court denied relief, finding all of Smith's claims "unfounded." *Id.* at *2. Smith appealed the trial court's denial of habeas relief. The Third Court of Appeals denied Smith's claim of actual innocence because he did not provide any newly discovered or newly available evidence to support the claim. *Id.* at *3. The appellate court found his claim regarding the indictment procedurally defaulted and his claim regarding the constitutionality

of Texas Health & Safety Code § 481.129 procedurally defaulted and without merit. *Id.* at *3-4. The Court of Criminal Appeals denied a petition for discretionary review. (ECF No. 17-31).

**B.     Smith's Federal Habeas Claims**

In his federal habeas petition Smith asserts he is entitled to federal habeas relief because he is actually innocent. Smith alleges the "entirety" of the evidence against him is "five audio-visual discs" showing his contact with undercover officers, and that the discs "show no criminal conduct of any kind." (ECF No. 1 at 5). Broadly construing his pleadings, Smith further asserts insufficiency of the indictment and that Texas Health & Safety Code § 481.129 is unconstitutionally vague. (ECF No. 1-2 at 16, 19, 21).

## ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court summarized the basic principles established by the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") in *Harrington v. Richter*, 562 U.S. 86, 97-100 (2011). Section 2254(d) permits the granting of federal habeas relief when the state court's decision "was contrary to" federal law as clearly established by the holdings of the Supreme Court; when the state court's decision involved an "unreasonable application" of such law; or when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100. Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). Under the unreasonable application clause of § 2254(d), a federal

4

court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, "but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (quotation marks and citation omitted).

**B.      Merits**

    **1.      Actual innocence**

Smith asserts his "actual innocence" of the crime of conviction. He alleges:

> . . . the recordings of the patient-imposters with [Smith] are entirely bland; there is no evidence in the recordings of their consultations with [Smith] of other money changing hands; the patient-imposters paid in advance for and received a medical evaluation; that there were no offers of money or sex for drugs, admissions of addiction, pleas to assuage craving or withdrawal from drugs, very high doses of controlled substances nor issuing of multiple prescriptions to be filled each at a different pharmacy, or inappropriate behavior by [Smith] inconsistent with valid medical purpose nor implications that [Smith] was part of a criminal enterprise designed to amass drugs; that the video of both patient-imposter encounters shows that [Smith's] behavior was at all times serious, professionally appropriate and devoid of artifice; that there was no conspiratorial whispering, bargaining for drugs, physical contact, inappropriate gesture or exchange of money for drugs.

(ECF No. 1-2 at 4). Smith raised a claim of actual innocence in his second state habeas action. The state habeas trial court, which was also the convicting court, found this claim "unfounded" and procedurally barred. (ECF No. 17-23 at 123). The Third Court of Appeals denied the claim on appeal.

The controlling United States Supreme Court precedent is stated in *Herrera v. Collins*, 506 U.S. 390, 400 (1993): "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Smith argues the Supreme Court has

recognized a free-standing claim of actual innocence, citing *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064 (2006). However, in *House* the Supreme Court explicitly *declined* to recognize a free-standing federal claim of actual innocence. 547 U.S. at 554-55. Because a free–standing claim of actual innocence is not cognizable on federal habeas review, this claim must be denied.

### 2. Indictment

Smith argues he was denied due process because the specific acts alleged in the indictment did not constitute a crime and because the indictment failed to specify the illegal purpose for which Smith allegedly wrote the prescriptions. (ECF No. 1-2 at 4-6, 16-17). The Third Court of Appeals found this claim procedurally barred when presented in Smith's second state habeas action because it was not raised in his first state habeas action. The state court's application of a procedural bar precludes the Court's review of the merits of Smith's claim of an infirm indictment. *Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006); *Soria v. Johnson*, 207 F.3d 232, 249, n.23 & n.24 (5th Cir. 2000). The only exception allowing the Court to reach the claim requires that Smith show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" exception applies when the petitioner presents "new" evidence establishing their factual innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

Smith asserts the audio-visual records are "new evidence" establishing his innocence because the trial was terminated prior to the introduction of the videos. (ECF No. 1-2 at 3; ECF No. 18 at 3). The Fifth Circuit Court of Appeals recently held evidence does not qualify as "new" if the evidence was "'always within the reach of [the petitioner's] personal knowledge or reasonable investigation.'"

*Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (2008)). The record indicates the audio-visual recordings were within Smith's personal knowledge at the time of the trial and, therefore, the recordings do not constitute newly discovered or newly available evidence. Smith has not shown cause for or prejudice arising from his default of this claim, and he has not produced "new" evidence establishing his factual innocence. Because this claim is procedurally barred, habeas relief on this claim must be denied.

### 3. Unconstitutionally vague statute

Smith contends Texas Health & Safety Code § 481.129(c)(1) is void for vagueness. The Third Court of Appeals found this claim both procedurally barred and without merit. Even when a state court finds a claim procedurally barred, but then reaches the merits of that claim in the alternative, the state court's reliance on the procedural default still constitutes an independent and adequate ground which bars federal habeas review. *Harris v. Reed*, 489 U.S. 255, 264 & n.10 (1989); *Cotton v. Cockrell*, 343 F.3d 746, 754 (5th Cir. 2003); *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998). Smith fails to show adequate cause for, or prejudice arising from, his procedural default of this claim, and he has not established a fundamental miscarriage of justice. Because this claim is procedurally barred, habeas relief on this claim must be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the Application for Writ of Habeas Corpus be **DENIED.**

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11

of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Smith's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United*

8

*States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED this 5th day of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE